**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03562-GPG-TPO

RACHEL COLLINS and CRYSTAL NASH, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CRAIG HOSPITAL,

Defendant.

---

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**

---

Plaintiffs Rachel Collins and Crystal Nash ("Plaintiffs"), by and through their undersigned counsel, hereby file their Motion for Leave to File First Amended Class Action Complaint ("Motion").

**CERTIFICATION OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiffs' counsel, Defendant Craig Hospital's ("Defendant") counsel, and the Court discussed Plaintiffs' position that they would not be moving to certify rest period claims during the parties' October 28, 2026 discovery conference, and Plaintiffs' counsel stated that Plaintiffs would voluntarily dismiss the rest period claims or move to amend the operative Complaint to remove the rest period claims. Denlinger Decl., ¶ 7. On October 29, 2026, Plaintiffs' counsel emailed Defendant's counsel to inform Defendant that Plaintiffs intend to amend their complaint

to remove rest period claims and requested Defendant's counsel's availability to confer regarding the same. *Id.* ¶ 8. Defendant's counsel informed Plaintiffs' counsel via email that it opposes a motion to amend, and after subsequent emails between counsel for the parties regarding their amendment positions and after Plaintiffs' counsel reiterated their request to confer, Defendants' counsel responded that "additional conferral does not appear to be useful" *Id.* ¶ 8, Ex. 4. Defendant opposes this Motion.

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiffs seek leave to file a First Amended Class Action Complaint ("FAC") to eliminate Plaintiffs' rest period allegations. The original Class Action Complaint asserted three causes of action containing both (a) recorded missed meal period, and (b) missed rest period theories. The FAC removes the missed rest period theory and allegations without adding any party or claim or eliminating any statutory causes of action concerning recorded missed meal periods.

The proposed amendment will also clarify the issues following the Court's recent telephone-records discovery conference, where the Court discussed the effect of the current rest period allegations on discovery. Accordingly, because leave to amend is freely given, Defendant has been on notice that Plaintiffs will not be moving to certify rest period claims since at least July 28, 2026, and Defendant is not prejudiced by Plaintiffs eliminating rest period claims—and indeed, Defendant seemingly agrees that the rest period claims should be dismissed—Plaintiffs respectfully request the Court grant Plaintiffs leave to file the proposed FAC attached in redline and clean versions as Exhibits 1 and 2 to the Declaration of Brian Denlinger ("Denlinger Decl.").

/ / /

## II. STATEMENT OF RELEVANT FACTS

On October 2, 2025, Plaintiffs filed their Class Action Complaint in the Adams County District Court, alleging three causes of action for Defendant's failure to ensure they and putative class members received all required meal and rest breaks during their shifts and all pay for recorded missed meal periods and missed rest periods. Dkt. 7.

On November 6, 2025, Defendant removed Plaintiffs' action to this Court. Dkt. 1. On November 13, 2025, Defendant filed a Motion to Partially Dismiss Complaint, which only requested that the Court dismiss Plaintiffs' missed meal period and civil theft claims. Dkt. 11. Plaintiffs' opposed Defendants' Motion to Partially Dismiss Complaint, which was fully briefed on December 18, 2025. Dkt. 19, 21.

On March 5, 2026, this Court entered a Scheduling Order setting an April 18, 2026 deadline for pleading amendments. Dkt. 29 at 10. As of April 18, 2026, Defendant's Motion to Partially Dismiss Complaint was still pending, no party had served written discovery on the other, and Plaintiffs had not yet decided that they would not move to certify rest period claims. Denlinger Decl. ¶ 4. On April 28, 2026, Defendant served its first set of written discovery requests on Plaintiffs, and on May 4, 2026, Plaintiffs served their first set of written discovery requests on Defendant. *Id.*

On July 15, 2026, the Court entered its Order denying Defendant's Motion to Partially Dismiss Complaint. Dkt. 36.

On July 28, 2026, after the parties had exchanged some written discovery responses and document productions, Plaintiffs' counsel informed Defendant's counsel that Plaintiffs would only seek to certify recorded missed meal period claims, and that Plaintiffs would not move to certify missed rest period claims through a forthcoming

motion for class certification. Denlinger Decl. ¶ 5. Since the parties' July 28, 2026 meet and confer call, all of Plaintiffs' counsel's subsequent meet and confer efforts have been limited to obtaining discovery and documents relevant to Plaintiffs' recorded missed meal period claims, and not rest period claims. *Id.* On September 29, 2026, Plaintiffs' counsel sent Defendant's counsel Plaintiffs' Notice of Rule 30(b)(6) Deposition, which included nine separate topics related to Plaintiffs' recorded missed meal period claims. *Id.* ¶ 6, Ex. 3. None of the nine topics from Plaintiffs' September 29, 2026 Notice of Rule 30(b)(6) Deposition seek testimony regarding rest periods or even mention the word "rest." *Id.*

At the parties' October 28, 2026 discovery conference regarding telephone records, the Court discussed how the still-pleaded rest period claims could affect discovery and asked counsel to confer. Denlinger Decl. ¶ 7; Dkt. 53 at 2.

## III. LEGAL STANDARD

After a scheduling order deadline, a party seeking leave to amend must demonstrate good cause under Fed. R. Civ. P. 16(b)(4) and satisfaction of the Rule 15(a) standard. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). Good cause can be established when a party learns new information through discovery after the pleading deadline. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Fed. R. Civ. P. 15 governs amended pleadings. Under Rule 15(a), a party may amend their pleading once as a matter of course at any time within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of court or by written consent of the adverse party; and leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally

only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Carr v. Hanley*, 2009 U.S. Dist. LEXIS 119699, at *3 (D. Colo. Dec. 3, 2009) (citations omitted). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

## IV. ARGUMENT

Plaintiffs are requesting leave to amend their Complaint for the first time in light of the ongoing discovery process. As shown below, leave should be freely given to Plaintiffs to amend their Complaint. Plaintiffs' request for leave to amend is made in good faith and without undue delay; is not futile, but to the contrary, will assist the parties and the court in not having to litigate allegations Plaintiffs no longer wish to pursue; and Defendant will suffer no prejudice, as there are no new causes of action alleged and Defendant seemingly agrees that Plaintiffs' rest period claims should be dismissed. Consistent with the foregoing, Plaintiffs respectfully request the Court's leave to file the proposed FAC. See Exhibits 1 and 2 to the Denlinger Decl. for redlined and clean versions of the proposed FAC, respectively.

### A. Good Cause Exists for the Amendment

Good cause exists for the proposed amendment because the reason for the amendment arose after the April 18, 2026 amendment deadline. Here, the April 18, 2026

deadline to amend expired almost three months before the Court decided Defendant's Motion to Partially Dismiss Complaint, which was also before any party had served their first set of written discovery requests and before Defendant had provided any written discovery responses. Denlinger Decl. ¶ 4. Simply put, as of April 18, 2026, Plaintiffs had not yet decided that they would not pursue or move to certify rest period claims. *Id.* As of July 28, 2026 and at all times since, Plaintiffs' counsel informed Defendant's counsel that Plaintiffs will not be moving to certify rest period claims and will only move to certify recorded missed meal period claims. *Id.* ¶¶ 4-8. *See also* Fed. R. Civ. P. 23(c)(4) ("When appropriate, an action may be maintained as a class action with respect to particular issues.").

The parties' October 28, 2026 discovery conference established that the existing rest period allegations could nevertheless expand telephone record discovery, despite Plaintiffs' stated position that they do not intend to pursue or move to certify rest period claims. Further, Plaintiffs became aware that Defendant intends to move for summary judgment related to rest period claims that Plaintiffs' counsel has informed Defendant's counsel they will not be moving to certify since at least July 28, 2026. Denlinger Decl., ¶¶ 5-7. At the Court's request that the parties confer about Plaintiffs' rest period allegations, and consistent with Plaintiffs' prior representations regarding their non-pursuit of rest period claims in light of discovery, Plaintiffs are seeking this amendment to eliminate any confusion regarding rest period claims. The timing reflects Plaintiffs' desire for procedural clarification prompted by the discovery dispute, rather than to add any claims or additional facts.

/ / /

**B. Rule 15 Favors Amendments that Narrow Issues Without Prejudice**

Plaintiffs who seek to dismiss some claims but not all should do so by amending the complaint pursuant to Rule 15. See *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996); *Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n.1 (11th Cir. 2010); *Mgmt. Investors v. United Mine Workers*, 610 F.2d 384, 393-94 (6th Cir. 1979). This Court has previously held that amendment is appropriate when seeking dismissal of fewer than all claims. *Carskadon v. Diva Int'l, Inc.,* 2013 LX 12946, at *4 (D. Colo. May 3, 2013). In *Carskadon*, which was an employment action, this Court allowed withdrawal of various claims while other claims remained, explaining that withdrawal of several claims reduced the litigation's scope and therefore did not prejudice the defendant:

> [C]ourts typically only find undue prejudice "when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1208 (10th Cir. 2006). Here, by moving to withdraw several of her claims, Plaintiff actually is reducing the scope of the litigation. . . . Thus, the court rejects any notion Defendants will be unduly prejudiced if Plaintiff is granted leave to amend.
>
> *Id.* at *11.

Here, Plaintiffs are requesting an even narrower amendment by removing just the rest period liability issue throughout the proposed FAC for both the named Plaintiffs and for the proposed class. Denlinger Decl. ¶ 2, 9, 10, Exs. 1-2. The Court need not preserve allegations Plaintiffs seek to abandon merely to obtain a merits ruling on the allegations. Defendant cannot demonstrate any prejudice in the proposed FAC, which merely removes allegations pertaining to rest periods, which Defendant seemingly agrees should

be dismissed. *Id.* ¶ 7, Exs. 1-2. There is no "bad faith or dilatory motive" because Plaintiffs merely seek to eliminate confusion regarding the rest period claims and are acting consistent with the representations they have made to Defendant regarding those claims since at least July 28, 2026. *Bylin*, 568 F.3d at 1229. The proposed FAC does not substantively change the nature of this class action, it merely reduces the scope of the litigation.

Rather, it would be error to deny amendment to the extent Defendant cannot demonstrate any prejudice from the proposed amendment. Denying Plaintiffs leave to amend would prejudice the Plaintiffs and the putative class by forcing them to litigate claims they do not wish to pursue. The proposed amendment in the FAC increase the likelihood that the causes of action alleged by Plaintiff on behalf of the putative class will be fully and economically adjudicated on the merits in a sensible way, which will foster judicial economy and prevent unnecessary argumentation regarding claims Plaintiffs no longer wish to pursue. Defendant thus cannot demonstrate any prejudice flowing from Plaintiffs' proposed FAC.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the stated reasons, Plaintiffs respectfully request that the Court grant leave to file the clean version of the proposed FAC, a redlined version of which is attached as Exhibit 1 to the Denlinger Decl. and the clean version of which is attached as Exhibit 2 thereto. Plaintiffs further request that the FAC be deemed filed as of the date that the Court rules on this motion.

Respectfully submitted this 3rd day of November, 2026.

ACKERMANN & TILAJEF, P.C.
HOOD LAW OFFICE, PLLC

By: */s/Brian Denlinger*
Brian Denlinger
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Telephone: (253) 625-7720
bd@ackermanntilajef.com

Alexander Hood
1312 17th Street, #1028
Denver, Colorado 80202
Telephone: (720) 381-4142
alex@hoodlawpllc.com

*Attorneys for Plaintiffs*

**DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the following:

| | | |
|---|---|---|
| Micah D. Dawson, #48263 | ☒ | via CM/ECF System |
| Hillary R. Ross, #42215 | ☒ | via Electronic Mail |
| FISHER & PHILLIPS LLP | ☐ | via USPS Mail |
| 1125 17th Street, Suite 2400 | ☐ | via Federal Express |

Denver, Colorado 80202
Telephone: (303) 218-3650
Facsimile: (303) 218-3651
mdawson@fisherphillips.com
hross@fisherphillips.com

*Counsel for Defendant Craig Hospital*

| | | |
|---|---|---|
| Alexander Hood, Atty. Reg. # 42775 | ☐ | via CM/ECF System |
| HOOD LAW OFFICE, PLLC | ☒ | via Electronic Mail |
| 1312 17th St, #1028 | ☐ | via USPS Mail |
| Denver, CO 80202 | ☐ | via Federal Express |

Telephone: (720) 381-4142
alex@hoodlawpllc.com

*Co-Counsel for Plaintiffs Rachel Collins and Crystal Nash*

DATED this 3rd day of November, 2026.

*/s/Jaclyn Blackwell*
Jaclyn Blackwell